UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

John R. Griffin, Jr.

   v.                                                                  Civil No. 16-cv-046-SM

Christopher Kench, Acting Warden,
New Hampshire State Prison; and
Tracey Uhrin, Merrimack County
Superior Court Clerk

**REPORT AND RECOMMENDATION**

Former New Hampshire State Prison ("NHSP") inmate John R. Griffin, Jr. filed a complaint (doc. no. 1), pursuant to 42 U.S.C. § 1983, seeking damages and injunctive relief, while still incarcerated.  In March 2016, Griffin sent this court a letter (doc. no. 6) notifying the court that he had been paroled, and updating the court on the status of a state court proceeding underlying his claims here.  The court construes that notice, Doc. No. 6, to be a complaint addendum.  The complaint and the addendum are before the court for preliminary review under 28 U.S.C. §§ 1915A and 1915(e)(2), and LR 4.3(d).

**Preliminary Review Standard**

For the purposes of this court's preliminary review under 28 U.S.C. §§ 1915A, 1915(e)(2), and LR 4.3(d), the court construes pro se pleadings liberally in determining whether the

plaintiff has stated a claim. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Disregarding legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a claim to relief. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## Background

Griffin asserts that in late December 2015/early January 2016, while he was an inmate at the NHSP, he sent documents to the New Hampshire Superior Court in Merrimack County ("MCSC"), intending to file a pro se state habeas petition challenging his conviction and sentence. The MCSC returned those documents to Griffin without docketing them, and notified Griffin in a January 5, 2016, letter, see Doc. No. 1, at 5, that Griffin had not complied with the court's requirement that he file two copies of the petition along with the original, to initiate a case in that court. The MCSC's January 5 letter notes that the MCSC clerk's office charges 50 cents per page to make copies, that Griffin could file a motion to waive the copy charge, and that handwritten copies were acceptable substitutes for photocopies.

Griffin states that his inmate account in January 2016 lacked sufficient funds to pay for photocopies of his petition, which he calculated would have cost him about $50.00 at the NHSP's rate of 20 cents per page. Griffin further asserts that it was not feasible for him to handwrite two copies of his lengthy petition within a reasonable period of time.

Griffin then, unsuccessfully, sought leave in the MCSC to waive the copy charge. In a January 14, 2016, letter, see Doc. No. 1, at 6, the MCSC clerk's office returned a letter from Griffin because Griffin had not filed an original and two copies of a complaint or petition to initiate a case, and the MCSC "do[es] not open a case with a motion to make copies." Id.

In January 2016, Griffin submitted inmate request slips and grievances to NHSP officials, asking for free photocopies so that he could satisfy the MCSC's requirement that he file two copies and an original of his state habeas petition. Corrections officials rejected Griffin's requests, noting that they did not find his claim of indigence to be credible. Christopher Kench, then Acting Warden of NHSP, denied Griffin's grievance on that issue on January 20, 2016. See Doc. No. 1, at 8.

Griffin was released on parole in March 2016. Griffin sent a letter to this court, docketed on March 7, 2016, see Doc. No.

3

6, stating that the MCSC clerk's office had "recently asked [him] to mail back [his] State habeas corpus petition," and that the MCSC was "considering 'waiving its copy fee' and putting [his] petition back on the docket."  Ltr. (doc. no. 6).

Griffin claims here that defendant Kench violated Griffin's right to access the courts by denying Griffin free photocopies in January 2016.  Griffin further claims that defendant MCSC Clerk Tracey Uhrin violated Griffin's right to access the courts in January 2016, by refusing to accept his original habeas petition for filing, and by not accepting his motion for waiver of the copy charge, unless he first filed an original and two copies of an initial complaint/petition.

## Discussion

### I. Access to Courts

To state a federal constitutional claim that state actors have violated an inmate's right of access to the courts, a plaintiff must show that defendants have actually injured him, with respect to his ability to pursue a nonfrivolous claim that he has a right to litigate.  See Lewis v. Casey, 518 U.S. 343, 349-52 (1996).  In other words, the plaintiff must show "'that an actionable claim has been lost or rejected or that presentation of the claim is currently being prevented'" due to

defendants' actions. Guglielmo v. N.H. State Prison, 111 F.3d 122, 1997 U.S. App. LEXIS 8616, at *2-*3 (1st Cir. 1997) (unpublished table decision) (citing Lewis, 518 U.S. at 356). Griffin has not alleged any nonconclusory facts in the pleadings here, which show that his petition for a writ of habeas corpus is properly characterized as nonfrivolous.

Even if the court assumed that the state habeas petition claims were nonfrivolous, Griffin's access to the courts claims here should be dismissed. Griffin has not alleged facts that show that defendants prevented him from obtaining judicial relief in the state courts. At most, the facts alleged by Griffin suggest that the state court's multiple-copy filing requirement delayed his ability to file his habeas petition for two months. Griffin has not shown that he was actually prejudiced by that delay, or that he currently remains unable to access the courts to present his habeas claims. Accordingly, the district judge should dismiss Griffin's complaint here for failure to state any claim upon which relief can be granted.

## II. Request for Injunctive Relief

Even if the court were to conclude that Griffin had stated a claim for damages for his delayed ability to access the courts in January 2016, the district judge should dismiss Griffin's claims for injunctive relief. "[A] plaintiff must demonstrate

5

standing separately for each form of relief sought." <u>Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.</u>, 528 U.S. 167, 185 (2000). "'[A] continuing violation or the imminence of a future violation' is necessary to confer Article III standing to seek injunctive relief." <u>Conservation Law Found. v. Pub. Serv. Co. of N.H.</u>, No. 11-cv-353-JL, 2012 DNH 174, 2012 WL 4477669, at *10, 2012 U.S. Dist. LEXIS 138881, at *40 (D.N.H. Sept. 27, 2012) (citation omitted).

Griffin is no longer a state prison inmate, as he was paroled in March 2016. Griffin has not alleged any facts to demonstrate that he has standing to seek injunctive relief, as he has failed to show that he faces any continuing or imminent future threat of being denied access to the courts by any defendant. Accordingly, Griffin's request for injunctive relief here should be dismissed.

## Conclusion

For the foregoing reasons, the district judge should dismiss this case in its entirety. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. <u>See</u> Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to

appeal the district court's order. See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

Andrea K. Johnstone
United States Magistrate Judge

May 26, 2016

cc: John R. Griffin, Jr., pro se